| | |
|---|---|
| TAB LEE BENNETT,<br><br>        Petitioner,<br><br>   v.<br><br>M. SAXTON,<br><br>        Respondent. | No. 2:18-cv-0719 KJM AC P<br><br><br>FINDINGS & RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

    Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss the petition as untimely. ECF No. 10 .

I.    <u>Factual and Procedural Background</u>

    On September 21, 1990, judgement was entered against petitioner was on his convictions for second degree murder, kidnapping, and vehicle theft. ECF No. 1 at 2; ECF No. 12-1 (Lod. Doc. 1) at 10. He was sentenced to an indeterminate term of fifteen years to life, with a five-year term to be served consecutively, and a two-year term to run concurrent. ECF No. 12-1 at 10.

        A.    <u>Direct Review</u>

    Petitioner appealed his conviction to the California Court of Appeal, Third Appellate District and the judgment was affirmed on April 27, 1992, with some modifications to his

////

1

sentence. ECF No. 12-2 (Lod. Doc. 2); ECF No. 12-3 (Lod. Doc. 3).[1]  On July 21, 1992, petitioner was resentenced in compliance with the court of appeal's order and the five-year term for kidnapping was stayed. ECF No. 12-3. Petitioner did not seek direct review in the California Supreme Court. ECF No. 1 at 3.

B. State Collateral Review

On May 24, 2017,[2] petitioner filed a pro se petition for writ of habeas corpus in the San Joaquin County Superior Court. Id.; ECF No. 12-4 (Lod. Doc. 4). The petition was denied on August 10, 2017. ECF No. 1 at 4; ECF No. 12-5 (Lod. Doc. 5).

Petitioner filed a pro se petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District on September 25, 2017. ECF No. 1 at 4; ECF No. 12-6 (Lod. Doc. 6). The petition was denied October 27, 2017. ECF. No. 1 at 4; ECF No. 12-7 (Lod. Doc. 7).

On December 1, 2017, petitioner filed a pro se petition for writ of habeas corpus in the California Supreme Court (ECF No. 1 at 4; ECF No. 12-8 (Lod. Doc. 8)), which was denied on February 28, 2018 (ECF No. 12-9 (Lod. Doc. 9)).

C. Federal Petition

The instant petition was filed on April 2, 2018. ECF No. 1.

II. Motion to Dismiss

Respondent moves to dismiss the petition on the ground that it is untimely. ECF No. 10. He argues that petitioner had until April 24, 1997, to file a petition in federal court and that petitioner is not entitled to any statutory tolling because his state habeas petitions were filed after

////

---

[1] Due to the age of the case, information regarding petitioner's direct appeal has been obtained, in part, from the Court of Appeal's docket. ECF No. 10 at 2 n.2.

[2] The filing date of documents submitted when petitioner was proceeding pro se is determined based on the prison mailbox rule. Houston v. Lack, 487 U.S. 266, 276 (1988) (documents are considered filed at the time prisoner delivers them to prison authorities for mailing). However, the certificate of service for the first state habeas petition states that it was mailed on May 30, 2017, even though it was received by the court on May 24, 2017. Lod. Doc. 4 at 29. The date the petition was received by the court will therefore be considered the date of filing.

the statute of limitations had already run. Id. at 4. Since the federal petition was not filed until April 2, 2018, it was untimely and therefore barred. Id.

Petitioner appears to argue that his petition is not untimely because he is not trained in the law, changes in case law are retroactive, and sentencing errors can be attacked at any time. ECF No. 14.

In reply, respondent argues that petitioner's lack of legal knowledge does not warrant tolling; that federal law, not state law, governs the timeliness of his petition; and that Johnson v. United States, 135 S. Ct. 2551 (2015), does not provide petitioner with a later trigger date for the statute of limitations. ECF No. 15.

III. Statute of Limitations

Section 2244(d)(1) of Title 28 of the United States Code contains a one-year statute of limitations for filing a habeas petition in federal court. This statute of limitations applies to habeas petitions filed after April 24, 1996, when the Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). The one-year clock commences from one of several alternative triggering dates. 28 U.S.C. § 2244(d)(1). In most cases, the applicable date is that "on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). For cases where a petitioner's conviction became final prior to the AEDPA's effective date, "the federal limitations period began running on AEDPA's effective date, April 24, 1996." Carey v. Saffold, 536 U.S. 214, 217 (2002).

In this case, petitioner's conviction became final on September 21, 1992, when his time to appeal his resentencing expired. Burton v. Stewart, 549 U.S. 147, 156 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'" (quoting Berman v. United States, 302 U.S. 211, 212 (1937))); People v. Mendez, 19 Cal. 4th 1084, 1094 (1999) ("[T]he defendant must file the notice of appeal within 60 days after rendition of judgment." (citing former Cal. Ct. R. 31)). Because petitioner's conviction became final before the AEDPA's effective date, the one-year clock began on April 24, 1996. Saffold, 536 U.S. at 217. Absent tolling, petitioner had until April 24, 1997, to file a federal habeas corpus petition. Since

3

the petition was not filed until April 2, 2018, it is untimely unless petitioner is entitled to tolling or an alternate trigger date.

### A. Statutory Tolling

The limitations period may be statutorily tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "The statute of limitations is not tolled from the time when a direct state appeal becomes final to the time when the first state habeas petition is filed because there is nothing 'pending' during that interval." Cross v. Sisto, 676 F.3d 1172, 1179 (9th Cir. 2012) (citation omitted). State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Respondent argues that petitioner is not entitled to statutory tolling because he did not file any petitions for state collateral review until well after the statute of limitations had expired. ECF No. 12 at 2-3. Petitioner does not dispute this fact and the petition is therefore untimely unless petitioner is entitled to equitable tolling.

### B. Equitable Tolling

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if the petitioner shows: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). "[T]he statute-of-limitations clock stops running when extraordinary circumstances first arise, but the clock resumes running once the extraordinary circumstances have ended or when the petitioner ceases to exercise reasonable diligence, whichever occurs earlier." Luna v. Kernan, 784 F.3d 640, 651 (9th Cir. 2015) (citing Gibbs v. Legrand, 767 F.3d 879, 891-92 (9th Cir. 2014)). An "extraordinary circumstance" has been defined as an external force that is beyond the inmate's control. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) (citations omitted). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.'" Holland, 560 U.S. at 653

4

(internal citations and additional quotation marks omitted). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Martinez v. Ryan, 133 F. App'x 382, 382-83 (9th Cir. 2005) (limited education, reliance on other prisoners to file petition, and lack of access to legal materials and assistance due to custody status do not constitute extraordinary circumstances); see also Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of the law unfortunate but insufficient to establish cause to overcome procedural default).

To the extent petitioner appears to argue that he is entitled to equitable tolling because he lacks legal knowledge and had to rely on other inmates (ECF No. 14 at 1-2), these circumstances are not extraordinary, but instead are ordinary incidents of prison life experienced by most prisoners. As extraordinary circumstances are not established, the undersigned does not reach the question of diligence and petitioner's claim that he is entitled to equitable tolling fails.

### C. Sentencing Errors

Petitioner seems to argue that because he is challenging a sentencing error, he can attack his sentence at any time. ECF No. 14 at 3. However, he provides no authority for this proposition, nor can the court identify any federal law supporting this contention. It appears that petitioner may be referring to a state appellate court decision which held that "sentencing errors which go to the jurisdiction of the court . . . can be raised at any time by either the prosecution or the defense even though no objection was interposed in the trial court. This is because a sentence which is not authorized by law exceeds the jurisdiction of the court." People v. Neal, 19 Cal. App. 4th 1114, 1120 (1993) (citation omitted). Assuming this is the authority petitioner relies on, it does not excuse his untimeliness. First, the case does not establish an unlimited statute of limitations; it addresses at what stage of the proceedings a jurisdictional sentencing error can be raised. Second, and more importantly, even if petitioner's interpretation of the law is correct, state law does not control the statute of limitations for bringing a federal habeas petition. The AEDPA's one-year statute of limitations governs this case and petitioner has exceeded that time limit.

### D. Alternate Trigger Date

Finally, petitioner appears to argue that he is entitled to a later trigger date based on a change in the law. ECF No. 14 at 3. In addition to the date on which the conviction became final, § 2244 also provides that the one-year statute of limitations can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Although petitioner does not specify the new right in his opposition, it is clear from his petition that he is relying on Johnson v. United States, 135 S. Ct. 2551 (2015). See ECF No. 1.

In Welch v. United States, the Supreme Court held "that Johnson announced a substantive rule that has retroactive effect in cases on collateral review." 136 S. Ct. 1257, 1268 (2016). However, even if the court were to assume without deciding that Johnson was applicable to petitioner's case and that he was entitled to a later trigger date based on the date of the opinion in Welch, which established Johnson's retroactivity, his petition would still be untimely. Welch was decided on April 18, 2016, and petitioner did not file his first state habeas petition until May 24, 2017, over a year later. Accordingly, even if petitioner were entitled to a later trigger date based on Johnson, his petition is still untimely.

### E. Conclusion

Because the petition was filed more than a year after AEDPA's enactment and petitioner is not entitled to tolling or a later trigger date, the petition is untimely and the motion to dismiss should be granted.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a petition is dismissed on procedural grounds, as is being recommended in this case, a certificate of appealability "should issue when the prisoner shows, at least, [(1)] that jurists of reason would find it debatable whether

6

the petition states a valid claim of the denial of a constitutional right and [(2)] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

This court finds that no jurist of reason would find it debatable that the petition is barred by the statute of limitations and a certificate of appealability should not issue.

V.     Plain Language Summary of this Order for a Pro Se Litigant

The petition should be denied because it was filed too late. You have not shown that the statute of limitations should be tolled, and even if you were allowed a later start date based on Johnson, you still filed your petition too late.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 10) be granted and petitioner's application for a writ of habeas corpus (ECF No. 1) be denied as untimely.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: March 27, 2019

                             /s/ Allison Claire
                             ALLISON CLAIRE
                             UNITED STATES MAGISTRATE JUDGE